UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MARCELA CRISANTO DO NASCIMENTO RODRIGUES**<br><br>*Plaintiff,*<br><br>v.<br><br>**KRISTI NOEM**, Secretary, U.S. Department of Homeland Security, in her official capacity;<br><br>**JOSEPH B. EDLOW,** Director, U.S. Citizenship and Immigration Services, in his official capacity; and<br><br>**LESLIE MEEKER**, Field Office Director, USCIS Tampa Field Office, in her official capacity,<br><br>*Defendants,* | Case No.: 8:26-cv-00535-MSS-SPF<br><br><br>**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65 AND LOCAL RULE 6.01** |

Plaintiff, by and through undersigned counsel, respectfully files this Emergency Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65 and Local Rule 6.01 of the Local Rules of the United States District Court for the Middle District of Florida. This Motion is filed in response to the Court's observation that, although the Complaint requests emergency judicial relief, a formal motion for temporary restraining order had not yet been filed pursuant to the applicable rules of procedure.

**I. INTRODUCTION AND NATURE OF THE EMERGENCY**

This case arises from an imminent and credible threat of arrest and detention in connection with Plaintiff's mandatory USCIS I-130 and adjustment of status interview scheduled for March 12, 2026, at the USCIS Tampa Field Office. As detailed in the Complaint and supporting Declaration, Plaintiff is the beneficiary of a pending I-130 petition and a properly filed Form I-485 and is statutorily eligible to adjust status as the immediate relative of a United States citizen.

Attendance at the scheduled interview is mandatory for adjudication of Plaintiff's adjustment of status application, and failure to appear may result in denial and severe immigration consequences. However, appearing for the interview now carries a credible and imminent risk of arrest or detention by federal immigration authorities, despite Plaintiff's eligibility for adjustment and her period of authorized stay.

Plaintiff therefore seeks narrowly tailored emergency relief to preserve the status quo and prevent irreparable harm in the form of custodial detention in connection with her compliance with a mandatory USCIS process.

## II. PROCEDURAL POSTURE AND COMPLIANCE WITH THE COURT'S ORDER

Plaintiff previously filed a Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act, the Due Process Clause, and related federal statutes, expressly requesting emergency judicial relief. Plaintiff also filed a supporting Declaration and a Proposed Temporary Restraining Order.

The Court observed that Plaintiff had not filed a motion for a temporary restraining order pursuant to Local Rules 6.01 and 6.02. In direct response to the Court's directive, Plaintiff now formally

submits this Emergency Motion for Temporary Restraining Order in full compliance with Federal Rule of Civil Procedure 65 and Local Rule 6.01.

## III. LEGAL STANDARD

A temporary restraining order is appropriate where the movant establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury absent injunctive relief;

(3) that the threatened injury outweighs any potential harm to the opposing party; and

(4) that the injunction would not be adverse to the public interest. See Fed. R. Civ. P. 65.

## IV. SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

As set forth in detail in the Complaint, Defendants' threatened enforcement practice of arresting adjustment applicants at mandatory USCIS interviews is contrary to the statutory and regulatory framework governing adjustment of status under INA § 245(a) and the Administrative Procedure Act.

Plaintiff has a properly filed Form I-485 and is in a period of authorized stay pursuant to applicable regulations. Arresting or detaining an adjustment applicant attending a mandatory USCIS interview would frustrate the statutory purpose of in-country adjustment and constitute arbitrary and capricious agency action reviewable under 5 U.S.C. § 706.

Additionally, the threatened detention would violate Plaintiff's Fifth Amendment due process rights by depriving her of liberty without adequate procedural safeguards while she is complying with a mandatory government process.

## V. IRREPARABLE HARM

Plaintiff faces an immediate and irreparable injury in the form of potential arrest and detention at her scheduled USCIS interview. Loss of liberty, custodial detention, and the disruption of a pending adjustment of status process constitute classic forms of irreparable harm that cannot be remedied through monetary damages or post hoc relief.

Once detention occurs, the harm is immediate, severe, and incapable of meaningful reversal. Moreover, detention would interfere with the adjudication of Plaintiff's pending I-485 application and could trigger additional immigration enforcement consequences, further compounding the irreparable injury.

The Declaration already filed with this Court establishes Plaintiff's reasonable and credible fear of detention based on documented enforcement actions occurring at USCIS field offices nationwide.

## VI. BALANCE OF EQUITIES

The requested relief is narrowly tailored and preserves the status quo. Plaintiff does not seek to enjoin USCIS from conducting the interview or adjudicating her application. Instead, Plaintiff seeks only limited protection from arrest or detention in connection with her attendance at a mandatory USCIS interview.

Any minimal administrative burden on Defendants is outweighed by the severe and irreversible harm Plaintiff faces if detained while complying with USCIS directives.

## VII. PUBLIC INTEREST

The public interest strongly favors ensuring that individuals can safely comply with mandatory federal immigration procedures without facing arbitrary detention. Granting temporary injunctive relief promotes orderly agency adjudication, protects constitutional rights, and preserves the integrity of the adjustment of status framework established by Congress.

## VIII. COMPLIANCE WITH LOCAL RULE 6.01 AND NOTICE

Pursuant to Local Rule 6.01(b), Plaintiff certifies that this Motion presents a true emergency. Plaintiff's USCIS adjustment of status interview is scheduled to occur imminently, and the threatened harm—arrest or detention in connection with that mandatory interview—is immediate and irreparable.

Plaintiff will promptly provide notice of this action and the request for emergency injunctive relief to the Office of the United States Attorney for the Middle District of Florida and counsel for the federal Defendants. Plaintiff does not seek ex parte relief and submits this Motion in good faith given the imminent nature of the harm at issue.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant this Emergency Motion for Temporary Restraining Order;

2. Enter the Proposed Temporary Restraining Order previously submitted;

3. Temporarily restrain Defendants, including DHS, USCIS, ICE, and their officers and agents, from arresting, detaining, or taking Plaintiff into custody in connection with her attendance at the scheduled USCIS adjustment of status interview;

4. Permit Plaintiff to attend and complete her USCIS interview without arrest, detention, or custodial enforcement action based solely on her pending adjustment of status; and

5. Grant such other and further relief as the Court deems just and proper.

March 2, 2026

Respectfully submitted,

/s/ Marina Serpa Q. Costa
Marina Serpa Q. Costa, Esq.
NY Bar No. 6227870
Serpa Law, PLLC
Attorney for Plaintiff

Pro Hac Vice forthcoming